UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

            Plaintiff,

   v.

TIM THRASHER, et al.,

            Defendants.

CASE NO. 3:18-cv-05017-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Michael Denton, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed Plaintiff's Complaint and Application to Proceed *In Forma Pauperis* ("Application for IFP"), the Court declines to grant Plaintiff's Application for IFP or to serve Plaintiffs Complaint, but provides Plaintiff leave to file an amended pleading by March 16, 2018, and to produce the additional filings identified herein.

**BACKGROUND**

Plaintiff is a state prisoner currently incarcerated at the Washington State Penitentiary. He filed his Complaint and Application for IFP in January of 2018. Dkt. 1. In his Complaint, Plaintiff includes a Motion for Class Action (Dkt. 1-4), a Motion for Appointment of Counsel

(Dkt. 1-3), and has included eleven additional individuals in his caption as plaintiffs (*see* Dkt. 1). However, he is the only plaintiff who signed any of the filings and he is also the only plaintiff who submitted an Application for IFP.

In the Complaint, Plaintiff alleges that he and his purported co-plaintiffs have had their constitutional rights infringed. He states that Defendants have used administrative segregation to exacerbate Plaintiff's and others' mental health conditions, and are using archaic and inhumane equipment to restraint Plaintiff and others. Dkt. 1-1 at 3, 13-14. Plaintiff further alleges Defendants acted with deliberate indifference when they failed to protect Plaintiff and others from self-harm. *Id*. at 6. The Complaint further alleges that the mentally ill are housed in unconstitutional conditions. *Id*. at 6, 11. Plaintiff requests a permanent injunction against Defendants treatment of Plaintiff and his fellow inmates, specifically asking for improved living conditions and a prohibition on the use of archaic restraint equipment. *Id*. at 16-17. He also requests monetary damages in the amount of $5 million.

**DISCUSSION**

I.   **Multiple Plaintiffs**

Plaintiff has included eleven other individuals as plaintiffs in this action. However, none of those individuals signed the Complaint. *See* Dkt. 1-2. Further, because Plaintiff is proceeding pro se, he has no authority to represent the legal interests of any of the other parties. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995). Because he cannot represent others' legal interests, if any of the other purported plaintiffs besides Plaintiff Denton seek to pursue claims against Defendants, they *all* must sign the complaint. *See* Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."). Therefore, the Court orders Plaintiff to file an amended complaint including

the signatures of all named plaintiffs. In the alternative, Plaintiff may submit an amended complaint omitting the additional plaintiffs and instead move forward on his own.

**II.     Applications for IFP**

Plaintiff has also filed an Application for IFP. However, none of the other eleven named plaintiffs have filed one. The Prison Litigation Reform Act ("PLRA") explicitly states that a prisoner proceeding *in forma pauperis* must nonetheless pay the entire amount of the filing fee. 28 U.SC. § 1915(b)(1). Courts have held that, in an action with multiple prisoner litigants, each prisoner must individually pay the fee. *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1197-98 (11th Cir. 2001). Because of this, if plaintiffs are indigent, each must file a separate Application for IFP. Therefore, if these other eleven prisoners wish to join the case and proceed *in forma pauperis*, they all must also submit Applications for IFP. *See Treglia v. Kernan*, 2013 WL 1502157 at *1 (N.D. Cal. 2013).

**III.    Class Action and Appointed Counsel**

Finally, Plaintiff has moved to certify this action as a class action. To be certified as a class, Plaintiffs must comply with Federal Rule of Civil Procedure 23(a), which provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

However, because the Court has not yet granted Plaintiff's Application for IFP, no other plaintiffs have signed the Complaint or filed Applications for IFP and Plaintiff has not had the chance to remedy the deficiencies noted above, a determination on this issue is premature. The

Court declines to consider whether plaintiffs are a proper class under Rule 23, and instead will make a determination after Plaintiff(s) have filed an Amended Complaint and the Court has considered whether he (or they) should be allowed to proceed *in forma pauperis*.

**CONCLUSION and INSTRUCTIONS TO CLERK AND PLAINTIFF**

Due to the deficiencies described above, the Court will not serve Plaintiff's Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). If more than one Plaintiff intends to be included in the action, the amended complaint must include the alleged violations against them and all additional plaintiffs must also sign the complaint.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the original Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before March 16, 2018, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 14th day of February, 2018.

David W. Christel
United States Magistrate Judge