1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10   MICHAEL DENTON,

11              Plaintiff,

12        v.

13   TIM THRASHER, et al.,

14              Defendants.

CASE NO. 3:18-cv-05017-BHS-DWC

REPORT AND
RECOMMENDATION

Noting Date: June 8, 2018.

15

16        Plaintiff Michael Denton, proceeding *pro se* and *in forma pauperis*, filed this civil rights

17   complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Second Amended

18   Complaint under 28 U.S.C. § 1915A, the Court concludes that Plaintiff has still failed to allege

19   personal participation of several defendants despite being provided the opportunity to remedy

20   these deficiencies in his complaint. Therefore, the Court recommends Defendants Don Holbrook,

21   Scott Buttice, Steve Sinclaire, Steve Hammond, Robert Herzog, and Heidi Griffith be dismissed.

22   The claims against Defendants Tim Thrasher, Dr. Karie Rainer, Lindsey McIntyire, Keith

23   Goodenough, "Officer Scholls," "Lt. Moore," Jaime Davis, Sgt. William Fletcher, "Lt. Miller,"

24   David McKinney, Scott Russell, and "Officer O'Reilly" should proceed.

**BACKGROUND**

Plaintiff originally filed his Complaint in January of 2018. Dkt. 1. In that Complaint, Plaintiff alleged that Defendants were abusing Plaintiff by improperly placing him in solitary confinement to exacerbate his mental illnesses and using archaic and inhumane equipment to restrain Plaintiff and others. Dkt. 1-1 at 3, 13-14. He also named eleven other individuals in his Complaint as Co-Plaintiffs, but failed to include the signatures of any of his Co-Plaintiffs. Dkt. 1-2. The Court ordered Plaintiff to file an Amended Complaint, either including the signatures of his Co-Plaintiffs or removing his Co-Plaintiffs so he could proceed alone, and to submit a corrected Motion for Leave to Proceed *In Forma Pauperis* ("Motion for IFP"). Dkt. 7.

In February of 2018, Plaintiff filed both an Amended Complaint and a new Motion for IFP, both of which included Plaintiff alone seeking relief. Dkt. 8. The Court granted his Motion for IFP and screened his Complaint. Dkt. 10. Again, the Court ordered Plaintiff to file a Second Amended Complaint, noting that Plaintiff had alleged personal participation for several, but not all, of his Defendants. Dkt. 12. Plaintiff has now filed a Second Amended Complaint, but has again neglected to allege personal participation of several defendants. Dkt. 18.

**DISCUSSION**

**I.    Personal Participation**

As noted in the Court's previous orders, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory

allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Here, Plaintiff has alleged personal participation of some, but not all, of his named Defendants. Plaintiff has explained with adequate specificity what Defendants Tim Thrasher, Dr. Karie Rainer, Lindsey McIntyire, Keith Goodenough, "Officer Scholls," "Lt. Moore," Jaime Davis, Sgt. William Fletcher, "Lt. Miller," David McKinney, Scott Russell, and "Officer O'Reilly" did that he believes was unconstitutional. However, he has not described the actions of the remaining Defendants with any level of specificity. As in his Amended Complaint, he has simply listed the names of those Defendants and then alleged generalized constitutional violations. *See* Dkt. 18 at 3 ("[defendants' names] did act with deliberate indifference to the rights of Plaintiff Michael Denton BY:ILLEGALLY housing Plaintiff Michael Denton in Administrative Segregation . . . ."). Such a sweeping conclusory allegation is not sufficient to allege personal participation. Because Plaintiff has failed to allege the personal participation of Defendants Don Holbrook, Scott Buttice, Steve Sinclaire, Steve Hammond, Robert Herzog, and Heidi Griffith, and because he has already been provided leave to amend but has failed to correct the deficiencies identified in the Court's previous order, the Court recommends those Defendants be dismissed.

## II.    Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

The Court finds Plaintiff has failed to allege facts sufficient to show Defendants Don Holbrook, Scott Buttice, Steve Sinclaire, Steve Hammond, Robert Herzog, and Heidi Griffith are liable under § 1983. The Court provided Plaintiff with notice of the deficiencies in his claims against those Defendants and provided him leave to amend to remedy those deficiencies. *See* Dkt. 12. As Plaintiff has been given leave to amend and has been instructed regarding the deficiencies of all his claims, the Court recommends Plaintiff not be again given leave to amend again. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## CONCLUSION

For the reasons stated above, the Court recommends Defendants Don Holbrook, Scott Buttice, Steve Sinclaire, Steve Hammond, Robert Herzog, and Heidi Griffith be dismissed. The claims against Defendants Tim Thrasher, Dr. Karie Rainer, Lindsey McIntyire, Keith Goodenough, "Officer Scholls," "Lt. Moore," Jaime Davis, Sg.t William Fletcher, "Lt. Miller," David McKinney, Scott Russell, and "Officer O'Reilly" should continue to proceed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 8, 2018, as noted in the caption.

Dated this 21st day of May, 2018.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5