1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   MICHAEL DENTON,

11                           Plaintiff,

12          v.

13   TIM THRASHER, et al.,

14                           Defendants.

CASE NO. 3:18-cv-05017-BHS-DWC

REPORT AND
RECOMMENDATION

Noting Date: August 3, 2018

15

16          The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

17   States Magistrate Judge David W. Christel. Before the Court is Plaintiff Michael Denton's

18   Motion for Default Judgment ("Motion for Default") (Dkt. 27), Emergency Motion for the Court

19   to Intervene ("First Emergency Motion") (Dkt. 25), and Emergency Motion for Temporary

20   Restraining Order and Order to Show Cause for Preliminary Injunction ("Second Emergency

21   Motion") (Dkt. 36).[1]

22

23          [1] The Court notes Plaintiff has also filed two additional Motions for Default Judgment (Dkts. 46, 47). Since
those Motions do not come ready for consideration until August 3, 2018, the Court will make a determination on

24   them in a separate Report and Recommendation.

1    **I.    Background**

2    Plaintiff filed this action on January 5, 2018. Dkt. 1. Upon order by the Court, he filed an

3    Amended Complaint (Dkt. 11) and a Second Amended Complaint (Dkt. 18). The Court

4    recommended several Defendants be dismissed from the action (Dkt. 19) and ordered the Second

5    Amended Complaint served on the remaining Defendants (Dkt. 22). Before Defendants had filed

6    waivers of service or notices of appearance, Plaintiff filed his First Emergency Motion (Dkt. 25)

7    and his Motion for Default (Dkt. 27). Because Defendants had not entered notices of appearance,

8    they did not file Responses to either motion. *See* Dkt. After some Defendants entered waivers of

9    service and notices of appearance, Plaintiff filed his Second Emergency Motion (Dkt. 36), to

10    which several Defendants responded (Dkts, 38, 39). The remaining Defendants filed waivers of

11    service after that Response (Dkt. 39) was filed.

12    **II.    Motion for  Default Judgment (Dkt. 27)**

13    On June 21, 2018, Plaintiff filed a motion requesting $5 million because defendants had

14    allegedly failed to file an Answer to his Second Amended Complaint in a timely manner. Dkt.

15    27. "When a party against whom a judgment for affirmative relief is sought has failed to plead or

16    otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

17    party's default."  Fed. R. Civ. P. 55(a). Under Local Civil Rule 55(a), upon motion by a party

18    supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment

19    for affirmative relief is sought but who has failed to plead or otherwise defend."

20    Here, Plaintiff filed his Motion for Default on June 21, 2018. Dkt. 27. However,

21    Defendants were served with Plaintiff's complaint on May 21, 2018. Dkt. 22. They filed waivers

22    of service on June 21, 2018 in a timely manner, and thus have until July 23, 2018 to file an

23    Answer, not June 11, 2018 as urged by Plaintiff. *See* Dkts. 22, 27; LCR 6. As such, Defendants

24

1    had not failed to file a timely response to Plaintiff's Second Amended Complaint when Plaintiff

2    filed his Motion for Default. Therefore, the Court recommends his Motion for Default (Dkt. 27)

3    be denied.

4        **III.    Emergency Motions (Dkts. 25, 36)**

5           Plaintiff has also filed two motions requesting the Court order Defendants to return a box

6    containing his legal documents. The purpose of preliminary injunctive relief is to preserve the

7    status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra*

8    *On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking

9    a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is

10   likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities

11   tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def.*

12   *Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions"

13   variation of the test, where "a preliminary injunction is proper if there are serious questions

14   going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of

15   hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez*

16   *v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

17          In a preliminary injunction, it is appropriate to grant "intermediate relief of the same

18   character as that which may be granted finally." *De Beers Consol. Mines v. U.S*., 325 U.S. 212,

19   220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should

20   not issue an injunction when the relief sought is not of the same character and the injunction

21   deals with a matter lying wholly outside the issues in the underlying action. *Id*.

22          Both Plaintiff's First Emergency Motion (Dkt. 25) and Second Emergency Motion (Dkt.

23   36) request the Court order Defendants to return a box containing legal materials for several of

24

Plaintiff's pending cases. However, this has nothing to do with Plaintiff's Second Amended Complaint. Rather, Plaintiff's Second Amended Complaint alleges Defendants treated Plaintiff unconstitutionally by housing him in administrative segregation for prolonged periods of time, causing his mental health issues to become exacerbated, housing him in constitutionally deficient conditions, retaliating against him for filing grievances, providing inadequate and cruel mental health treatment, and unlawfully censoring his mail. Dkt. 18. He makes no mention of being deprived of his legal documents, does not explain how that deprivation has harmed him, and does not otherwise allege that he is being denied access to the Courts. As noted above, a preliminary injunction is designed to grant intermediate relief of the same character as that being sought by Plaintiff's underlying claims. *De Beers*, 325 U.S. at 220. Because Plaintiff has requested relief in his Emergency Motions that is of a character wholly different from the claims in his Second Amended Complaint and is wholly outside the issues in the underlying action, a preliminary injunction is inappropriate here. Therefore, the Court recommends Plaintiff's First Emergency Motion (Dkt. 25) and Second Emergency Motion (Dkt. 36) be denied.

### IV.    Conclusion

For the reasons set forth above, the undersigned recommends Plaintiff's Motion for Default (Dkt. 27), First Emergency Motion (Dkt. 25), and Second Emergency Motion (Dkt. 36) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed

1   by Rule 72(b), the Clerk is directed to set the matter for consideration on August 3, 2018 as noted

2   in the caption.

3

4        Dated this 18th day of July, 2018.

5

6                                               _____

7                                               David W. Christel
                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24