UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

              Plaintiff,

   v.

TIM THRASHER, et al.,

              Defendants.

CASE NO. 3:18-cv-05017-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: August 31, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Pending before the Court is Plaintiff Michael Denton's Motion for Default Judgment ("Motion") (Dkt. 46) and Declaration for Entry of Default ("Declaration") (Dkt. 47).[1]

As noted in the Court's previous Report and Recommendation, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

---

[1] Plaintiff has also filed a Motion for Extension of Time. Dkt. 52. However, the Court will make a determination on that Motion in a separate Order or Report and Recommendation.

REPORT AND RECOMMENDATION - 1

1 failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ.

2 P. 55(a). Under Local Rule 55(a), upon motion by a party supported by an affidavit, "the clerk

3 shall enter the default of any party against whom a judgment for affirmative relief is sought but

4 has failed to plead or otherwise defend."

5 Plaintiff argues he is entitled to default because Defendants did not reply to his

6 Complaint within twenty days of it being served. Dkts. 46, 47. However, Defendants were served

7 with Plaintiff's Complaint on May 21, 2018. Dkt. 22. They filed timely waivers of service on

8 June 21, 2018, and so had until July 23, 2018 to file an Answer. Thus, when Plaintiff filed his

9 Motion and Declaration on July 13, 2018, Defendants were not in default. Further, Defendants

10 have now filed a timely Answer (Dkt. 49) to Plaintiff's Complaint, and so are still not in default.

11 Therefore, the Court recommends Plaintiff's Motion (Dkt. 46) and Declaration (Dkt. 47) be

12 denied.

13 Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

14 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

15 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

16 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

17 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

18 August 11, 2017, as noted in the caption.

19

20 Dated this 13th day of August, 2018.

21

22                                                             /s/ David W. Christel

23                                                             David W. Christel
                                                               United States Magistrate Judge

24

REPORT AND RECOMMENDATION - 2