UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL DENTON, | Case No. 3:18-CV-5017-BHS-DWC |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES** |
| vs. | (Jury Trial Demanded) |
| STATE OF WASHINGTON; TIM THRASHER; DR, KARIE RAINER; LINDSEY MCINTYRE; KEITH GOODENOUGH; JAMIE DAVIS; OFFICER SCHOLLS; LT. SHELDON MOORE, SGT. WILIAM FLETHCER; DAVID MCKINNEY; SCOTT RUSSEL; OFFICER O'REILY, | |
| Defendants. | |

COMES NOW Plaintiff Michael Denton, by and through the undersigned attorney, and for clauses of action against the above-named Defendants, alleges and avers as follows:

## I. INTRODUCTION

1. This is an action for damages for violations of civil rights sustained by a citizen of Walla Walla, Washington, against the state of Washington and several of its employees who,

SECOND AMENDED COMPLAINT FOR DAMAGES - 1
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

through their failure to afford plaintiff his statutory and Constitutional rights, have caused the plaintiff to suffer a loss of his civil rights, physical injury, as well as emotional distress.

## II. JURISDICTION

2. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343 (1), (2), (3), and (4); the provisions of 42 U.S.C. §§ 1983 and 1988; and, the Constitution of the United States, specifically the Eighth, Fifth, and Fourteenth Amendments thereto.  The Court also has jurisdiction under Title II of the American with Disabilities Act.

3. Plaintiff's claims for declaratory and injunctive relief are sought under 28 U.S.C. § 2202, 28 U.S.C. § 1343, Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general, legal, and equitable powers of this Court.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted all possible grievances and pursued all administrative remedies available to him.

## IV. PARTIES

5. Plaintiff Michael Denton was at all times relevant hereto a resident of the correctional facility in Walla Walla, Washington and is mentally ill and had a recognized mental disability within the meaning of the Americans With Disabilities Act. Plaintiff is presently incarcerated by the Washington State Department of Corrections ("DOC") at Monroe Correctional Complex.

6. Defendant State of Washington was at all times mentioned the employer of all other defendants and the public entity that had complete control over plaintiff because he was housed in is prison system.

SECOND AMENDED COMPLAINT FOR DAMAGES - 2
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

7. Defendant Tim Thrasher is a Mission Housing Administrator at the Washington Department of Corrections.

8. Defendant Scott Russell was and at all times relevant was either the Superintendent or the Deputy Director of Prison, Command A for the Washington Department of Corrections with supervisory responsibility over all other defendants and the ability to make policy for the State of Washington.

9. Defendant Karie Rainer is a psychologist and is the Director of Mental Health for the Washington Department of Corrections.

10. Defendants Lindsey McIntyre, Keith Goodenough, Jamie Davis, Officer Scholls, Lt. Sheldon Moore, Sgt. William Fletcher, David McKinney, Officer O'Reilly are each employed at the Washington Department of Corrections and as described below are in some way personally responsible for the harm that plaintiff suffered.

11. Each Defendant, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the State of Washington.

12. Each Defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

V. VENUE

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because at least one defendant resides in the Western District of Washington and because most of the events giving rise to plaintiff's claims occurred in the Western District of Washington.

VI. FACTS

14. In 2007, plaintiff Michael Denton was incarcerated in the Washington Department of Corrections (DOC) until 2013 and from 2016 to present.

SECOND AMENDED COMPLAINT FOR DAMAGES - 3
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

15. Plaintiff was illegally housed by defendants in the Administrative Segregation/Solitary Confinement from 2007 to 2013. Plaintiff was returned back to solitary confinement from 2016 to 2018. Plaintiff's presence in solitary confinement aggravated his current mental illness and caused plaintiff to feel suicidal and depressed. These feelings continued to the point where plaintiff began committing self-harm.

16. Defendants failed to provide adequate mental health treatment to plaintiff, causing further self-harm. Plaintiff was being held illegally in the Administrative Segregation/ SHU-Secured Housing Unit causing plaintiff to become trapped in the disciplinary process and end up isolated in solitary confinement. Plaintiff's time spent in these housing units for years at a time caused plaintiff to lose good time credits and to deteriorate psychiatrically.

17. On March 26, 2017, Dr. Anthony Eusanio conducted a psychological evaluation. Dr. Eusanio determined plaintiff suffers from the effects of solitary confinement, causing him to be trapped in the disciplinary process in the prison solitary confinement setting.

18. Defendants were served with a notification petition with a copy of plaintiff's psychological evaluation. Defendants continued to refuse to release plaintiff from Administrative Segregation/SHU.

19. Eric Johnson, plaintiff's social worker in Snohomish County, emailed defendant Tim Thrasher plaintiff's psychological evaluation and mentioned that plaintiff suffers from the effects of solitary confinement and long-term isolation, causing plaintiff to suffer and deteriorate mentally. Johnson advised Thrasher to release plaintiff from segregation/SHU because it was causing harm to plaintiff and others.

20. Defendant Lindsey McIntyre (McIntyre) continued to refuse to submit plaintiff to the mental health teleconference referral or to transfer plaintiff to SHU at Monroe Correctional Complex due to the numerous grievances filed on her by plaintiff for retaliation and

SECOND AMENDED COMPLAINT FOR DAMAGES - 4
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

discrimination. McIntyre continued watching plaintiff suffer mentally out of retaliation because she believed plaintiff assaulted her husband, who also works at MCC Monroe Correctional Complex.

21. On December 31, 2017, plaintiff was placed on a 1-on-1 suicide watch in observation cell E02. Officer Scholls was assigned to watch over plaintiff. While on suicide watch, Officer Scholls told plaintiff, "Fuck off you dumb retard." In response, plaintiff asked Officer Scholls to fill out a grievance form for him. Officer Scholls answered, "You heard me you dumb piece of shit retard. I said fuck off. You aint got shit coming." Plaintiff requested to speak with the on-duty sergeant. Officer Scholls once again yelled at plaintiff, "I aint calling the sergeant. Why don't you try to kill yourself like the dumb fuck next door in Cell 1 is trying to do," referring to inmate Joseph Simmons.

22. Plaintiff grabbed a sharp piece of paint chip rock off the ground and started cutting himself with the paint chip until his wrist was cut open and he was bleeding. Officer Scholls laughed and he stated, "make sure you do a good job and kill yourself retard." For one hour and 45 minutes, plaintiff was cutting his wrist while Officer Scholls encouraged plaintiff to continue to commit self-harm.

23. Plaintiff started banging his head on the glass for 45 minutes which nobody tried to stop. Blood started pouring out of his head after an hour. Sgt. Fletcher showed up and told plaintiff to step out or he would be forced out. After plaintiff continued to bang his head on the glass Sgt. Fletcher walked off and said "fuck him. Call me when they are dead, dumb fucking retards," referring to plaintiff and inmate Joseph Simmons.

24. For three hours plaintiff was left unattended and allowed to continue to harm himself. Lt. William Moore showed up and directed plaintiff to stop if he wanted medical attention. When plaintiff did not stop banging his head, Lt. Sheldon Moore walked off and

SECOND AMENDED COMPLAINT FOR DAMAGES - 5
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

instructed Officer Scholls to call in 30 minutes if he was still banging his head. Plaintiff was placed on the restraint table without a mattress on the restraint bed which Lt. Moore stated, "this should teach you not to bang your head retard."

25. Plaintiff committed self-harm for four hours without being stopped by Officer Scholls, Sgt. Fletcher or Lt. Moore. Plaintiff was in fact encouraged to continue.

26. Defendants illegally forced plaintiff and other mentally ill inmates on an outlawed iron table without a mattress. The iron metal restraint bed was used on plaintiff out of retaliation. The restraints were put on as tight as possible, causing plaintiff's hands to turn blue and cutting off circulation. Plaintiff was restrained on this table for committing self-harm.

27. Plaintiff requested a blanket from defendants Jamie Davis, Lt. Moore, and Lt. Miller to keep on him. It was 30 degrees outside and plaintiff was forced on the iron metal restraint bed without any clothes or socks. These conditions further deteriorated plaintiff's mental well-being.

28. Defendants Dr. Karie Rainer, Thrasher, Jamie Davis and Keith Goodenough created, approved, and enforced a facility plan requiring plaintiff to complete 60 days of good behavior in administrative segregation/ SHU-secure housing unit to be transferred to a special unit for mental health treatment. This forced isolation only exacerbated plaintiff's numerous mental health issues. Defendants continued to delay plaintiff's transfer for serious mental health treatment. Although the transfer had been approved, defendants continued to deprive plaintiff of a protected liberty interest.

29. Defendants Thrasher, Rainer, and Goodenough were served with a copy of plaintiff's diminished capacity psychological evaluation. Goodenough and David McKinney still told plaintiff that he deserves to rot in the hole and it does not matter what his psychological evaluation says.

SECOND AMENDED COMPLAINT FOR DAMAGES - 6
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

30. Defendants forced mentally ill inmates, including plaintiff, to urinate and defecate inside a hole in the ground in the suicide observation cell. The hole was covered by metal bars and plaintiff had to use his bare hands to push his own feces in between the bars to go down the hole. Plaintiff was forced to eat food with feces still on his hands. The suicide observation cells do not have toilets or sinks. Plaintiff was unable to wash his hands or drink water. Plaintiff complained about these conditions to Lt. Moore and Lt. Miller while conducting their unit round checks.

31. Defendants acted with deliberate indifference to the rights of plaintiff by creating and enforcing an illegal statewide publication ban list on magazines and books. Defendants failed to provide plaintiff with a notification copy of this ban list and the publications banned to prisoners. Thrasher, O'Reilly, and other staff members rejected African American books and magazines without following the Turner Test Standards. Plaintiff's copies of Bottles and Modelz were rejected based on this list. Defendants refused to answer any appeals. Plaintiff filed a grievance and appealed it to level III. Through the grievance process, plaintiff was told that he could request the list through a public disclosure, but plaintiff would have to pay for it.

## VII.   FIRST CLAIM FOR RELIEF

### ( 42 USC § 1983 – Deliberate Indifference)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 30 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

33. At all times material hereto, defendants, jointly and severally, had a duty under the Eighth Amendment of the U.S. Constitution not to be deliberately indifferent to the known serious medical needs of detainees at the DOC. This duty arose from the individual defendants' capacity as agents or employees of the DOC. Because defendants had a non-delegable duty to

SECOND AMENDED COMPLAINT FOR DAMAGES - 7
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

provide medical services to detainees of the DOC, DOC and its agents and employees acted under color of law while providing these services.

34. Due to the fact that the Washington State Department of Corrections only has one mental health treatment facility at MCC Monroe Corrections, mentally ill inmates such as plaintiff are being housed illegally in Administrative Segregation/ SHU units at Washington State Penitentiary.

35. Defendants failed to provide adequate mental health treatment and medical care for plaintiff, contrary to a psychologist's instructions to transfer plaintiff to the special offender unit per facility plan. The danger of self-harm was identified by the mental health providers. Despite defendants' knowledge of this risk, each of the individual defendants intentionally, or by the exercise of deliberate indifference, failed or refused to provide Denton with the proper medical care and attention known to be necessary under the circumstances.

36. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff suffered loss of his liberty, aggravation of his pre-existing mental health conditions, and has caused new ones, he has been deprived of the freedom that are enjoyed by other inmates. Eleven years spent in solitary confinement has caused plaintiff to deteriorate mentally. Subsequently, plaintiff has been diagnosed with SHU syndrome, PTSD, borderline personality disorder and antisocial disorder, and severe depression, all to his damage in an amount to be ascertained according to proof at trial. Defendants subjected plaintiff to such deprivation of liberty by malice and a reckless and conscious disregard so his rights for which an award of punitive damages is warranted.

### VIII. SECOND CLAIM FOR RELIEF

### (First Amendment Violation Section 1983 liability)

SECOND AMENDED COMPLAINT FOR DAMAGES - 8
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

37. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 35 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

38. Defendants' above-mentioned unlawful conduct caused plaintiff harm, because of his complaints about the manner in which he was treated in violation of the First Amendment. Defendants retaliated against plaintiff for exercising his First Amendment Constitutional Right to file grievances and for encouraged and antagonizing plaintiff to kill himself.

39. As a direct, proximate and foreseeable result of defendants' retaliation, Denton suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, mental disorder, mental anguish, loss of ability to enjoy life, expenses of medical care and treatment, and other losses including the aggravation of pre-existing conditions. These injuries and losses are permanent and continuing, and Denton will suffer such losses in the future.

40. Defendants' unlawful actions were deliberate, malicious and in conscious disregard of plaintiff constitutional rights entitled him to punitive damages.

## IX.  THIRD CLAIM FOR RELIEF

**42 U.S.C. § 1983 — Eighth Amendment – Cruel and Unusual Punishment – Failure to Protect)**

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 39 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

42. The Eighth Amendment protects inmates against infliction of "cruel and unusual punishment."

43. Defendants violated the Eighth Amendment by failing to protect plaintiff's health, isolating him, failing to treat his mental health, mocking and ridiculing him and allowing him to

SECOND AMENDED COMPLAINT FOR DAMAGES - 9
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

be subjected to the harm described above. The defendants conduct was deliberately indifferent to plaintiff's physical and mental health amounting to cruel and unusual punishment. they have deprived plaintiff his right to be free from cruel and unusual punishment of the laws secured by the Eighth Amendment to the United States Constitution, by not being protected of dangerous situation and suffering from injuries defendants acted with deliberate indifference regarding plaintiff's rights. Defendants failed to protect and prevent plaintiff from harming himself.

44. As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial

45. The actions of the individual defendants, as described in this complaint, were deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants in an amount sufficient to punish them and to deter others from like conduct.

## X. FOURTH CLAIM FOR RELIEF

### (Disability Discrimination and Failure to Accommodate - ADA 42 U.S.C. § 12131 and Rehabilitation Act of 1973)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 44 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

47. Title II of ADA provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

SECOND AMENDED COMPLAINT FOR DAMAGES - 10
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12131.

48. The prisons comprising of Washington Department of Corrections have been recipients of federal funds and are thus covered by § 504's mandate, which requires recipients of federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and reasonably modify such facilities, services, and programs to accomplish this purpose.

49. Washington State prisons are public entities within the meaning of Title II of the ADA and provide programs, services, or activities to the general public. Title II of the ADA has essentially the same mandate as Section 504.

50. At all times relevant to this action, Denton was a qualified individual within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Washington DOC as well as the prohibitions of discrimination. Specifically, Denton suffered from several mental impairments that "substantially limits one or more major life activities," including but not limited to "learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102.

51. Under the ADA, the Washington DOC is required to ensure that developmentally disabled prisoners are properly identified in order to provide reasonable accommodations to those prisoners. Therefore, under the ADA, a tracking system is necessary to ensure that these disabled prisoners are properly identified. Washington DOC has no tracking or other system to ensure that these developmentally disabled prisoners are properly identified and accommodated.

52. The Washington DOC knew, or should have known, that Denton suffered from mental illness.

SECOND AMENDED COMPLAINT FOR DAMAGES - 11
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

53. The Washington DOC was deliberately indifferent in failing to provide Denton with reasonable accommodations and other services related to his disabilities, and denied him the rights and benefits accorded to other inmates, solely by reason of his disabilities in violation of the ADA and Rehabilitation Act.

54. Not only did defendants deny Denton mental health treatment, they punished him and exacerbated his condition by isolating him and keeping him in solitary confinement for years at a time with no plan for his treatment other than punishment.

55. The ADA and Rehabilitation Act require that prison staff try to counsel developmentally disabled prisoners rather than subjecting them to the disciplinary process when they break prison rules that they do not understand.

56. Plaintiff made defendants aware of his need for a reasonable accommodation by repeatedly communicating to defendants regarding his medical condition.

57. Plaintiff was denied proper medical care and mental health care during a crisis. The Department of Corrections neglected to provide him medical treatment or monitoring during his suicidal attempts. This incident caused plaintiff to experience significant physical harm and emotional distress.

58. The Washington DOC failed to enforce appropriate policies and procedures to ensure the provision of necessary accommodations, modifications, and/or services to inmates with developmental disabilities.

59. The Washington DOC failed to train and supervise the prison personnel to provide necessary accommodations, modifications, services, and/or physical access to inmates with developmental disabilities

60. Defendants could have easily accommodated plaintiff's requests.

SECOND AMENDED COMPLAINT FOR DAMAGES - 12
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

61.     As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health and emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

## XI.  PRAYER

WHEREFORE, plaintiff prays for the following relief against defendants:

A.      For permanent injunction to be issued against the Washington State Department of Corrections to immediately be restrained from continuing to house plaintiff in administrative segregation, keep lock, dead lock, SHU's secure housing units, or punitive segregation;

B.      For plaintiff to be released from the secure housing units in the Washington Department of Corrections;

C.      For permanent injunction to be issued against the Washington State Department of Corrections and Washington State Penitentiary be immediately ordered to restrain from continuing to force inmates on the iron metal restraint tables naked and that it be ordered that the defendants must immediately stop using these outdated restraint tables and must immediately upgrade to the modern restraint beds. The defendants be ordered to no longer take the mattress off any restraint bed when placing an inmate on the restraint bed;

D.      For permanent injunction to be issued against the Washington State Department of Corrections to immediately restrain from housing all mentally ill offenders in the Secure Housing Units in DOC Administrative Segregation IMU's that are diagnosed with SHU Syndrome, PTSD, Schizophrenia, personality disorders, bipolar disorder, antisocial disorder, Tourette's syndrome, and attention deficient/ hyperactivity disorder, major depression, OCD, panic disorder, mentally ill and chemically addicted mental illness with substance abuse, eating

SECOND AMENDED COMPLAINT FOR DAMAGES - 13
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

disorders or any mental illness that will cause them to suffer from the effects of long term isolation and solitary confinement;

  E. For it to be ordered that any and all inmates housed in administrative segregation suffering from prisoners with serious mental illness confined in SHU's or administrative segregation can only be house in Solitary confinement / administrative segregation or SHU's no longer than 60 days and then they must be transferred before the 60 day deadline to a mental health treatment facility;

  F. For general and special compensatory damages for being illegally housed in solitary confinement for years while suffering from a serious mental illness for plaintiff and against defendants in the amount of $5,000,000;

  G. For punitive damages for the evil intent and callous indifference for plaintiff and against the individually named defendants in the amount of $5,000,000;

  H. For reasonable attorney fees according to law or statute;

  I. For jury trial on all issues triable by jury;

  J. For costs of suit incurred herein; and

  K. For such other and further relief as the Court may deem just.

Dated this 21st day of December, 2018.

            CIVIL RIGHTS JUSTICE CENTER PLLC

            */s/ Darryl Parker*
            Darryl Parker, WSBA #30770
            2150 North 107th Street, Suite 520
            Seattle, WA 98133
            206-557-7719
            Email: dparker@civilrightsjusticecenter.com

SECOND AMENDED COMPLAINT FOR DAMAGES - 14
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2018, the foregoing SECOND AMENDED COMPLAINT FOR DAMAGES and this CERTIFICATE SERVICES was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such to all counsel of record.

DATED this 21st day of December, 2018, at Seattle, Washington.

*Rachel Pollard*

**Rachel Pollard,** Legal Assistant

SECOND AMENDED COMPLAINT FOR DAMAGES - 15
Case No. 3:18-cv-5017-BHS-DWC

Civil Rights Justice Center PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183