UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

v.

TIM THRASHER, et al.,

    Defendants.

CASE NO. 3:18-CV-05017-BHS-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Michael Denton's Motion to Extend Discovery ("Motion for Extension") and Motion to Compel Discovery and for Reasonable Attorneys ("Motion to Compel"). Dkt. 73, 74. After considering the relevant record, the Motion to Compel (Dkt. 74) is denied without prejudice and the Motion for Extension (Dkt. 73) is granted.

**I.    Motion to Compel (Dkt. 74)**

On April 18, 2019, Plaintiff, who is represented by counsel, filed the Motion to Compel, wherein he requests the Court order Defendant State of Washington ("Defendant") to respond to the following three interrogatories:

1. Between January 2016 and December 2018 name each time plaintiff was placed in a suicide prevention observatory cell at the Washington State Penitentiary and, for each time period, state the duration of time plaintiff was in that cell. ("Interrogatory No. 3").
2. State each time plaintiff was placed on a restraint chair between January 2016 and December 2018 and for each time period, state the duration of time plaintiff was in that chair. ("Interrogatory No. 4").
3. State each time plaintiff was placed on a restraint table between January 2016 and December 2018 and for each time period, state the duration of time plaintiff was on that restraint table. ("Interrogatory No. 5").

Dkt. 74.

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*

Defendant argues the Motion to Compel should be denied because the requested discovery: (1) has been produced; (2) is unduly burdensome and disproportionate to the needs of the case; and (3) is obtainable from a more convenient source. Dkt. 82.

First, Defendant maintains the information Plaintiff seeks in Interrogatories Nos. 3-5 have been provided elsewhere. *Id*. Specifically, Defendant asserts the information in response to Plaintiff's Interrogatories Nos. 1 and 2 provided all the information Plaintiff seeks in Interrogatories Nos. 3-5. *Id.*; *see also* Dkt. 83, Beach Dec., pp. 2-3. A review of the evidence shows Defendant's counsel provided dates Plaintiff was placed in a cell without a sink or without a

toilet. Dkt. 83, Beach Dec., pp. 2-3. Further, Defendant's provided over 2,400 pages of documents, which included information regarding Plaintiff's mental health status, confinement on continuous or close observation, and placement on the restraint chair or bed. *Id.* at pp. 1-2; Dkt. 82. As there is evidence showing Plaintiff received the requested information through different discovery responses, the Court declines to compel Defendant to respond to Interrogatories Nos. 3-5 at this time. Rather, Plaintiff is directed to review the discovery responses provided by Defendants and determine if additional discovery is needed. If Plaintiff determines additional discovery is needed, the parties should meet and confer to attempt to resolve the discovery matters or Plaintiff should serve additional discovery requests on Defendant.

The Court does note the discovery requests appear relevant as Plaintiff alleges he was illegally housed in solitary confinement from 2016 to 2018. Dkt. 64, ¶ 15. Any objections to the scope of these three interrogatories because the requests are unrelated to the allegations in the Complaint will not be well taken. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quotation marks and citation omitted) ("Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence.").[1]

For the above stated reasons, Plaintiff's Motion to Compel (Dkt. 74) is denied without prejudice. As the Motion to Compel is denied, Plaintiff's request for attorney's fees is also denied.

**II.     Motion for Extension (Dkt. 73)**

In the Motion for Extension, Plaintiff requests a 90-day extension to conduct discovery. Dkt. 73. As discussed above, the Court finds Plaintiff should be allowed to examine the discovery documents in his possession and seek more discovery as necessary for Interrogatories Nos. 3-5. Therefore, the Court finds a 90-day extension to conduct discovery is appropriate.

---

[1] As the Court finds Plaintiff has received discovery related to Interrogatories Nos. 3-5, the Court declines to consider Defendant's additional reasons for objecting to Interrogatories Nos. 3-5.

Accordingly, Plaintiff's Motion for Extension (Dkt. 73) is granted as follows:

- All discovery shall be completed by August 7, 2019.
- Any motion to compel discovery shall be filed not later than August 21, 2019.
- Any dispositive motion shall be filed and served on or before September 6, 2019.[2]

### III. Conclusion

In conclusion, Plaintiff's Motion to Compel (Dkt. 74) is denied without prejudice. Plaintiff's Motion for Extension (Dkt. 73) is granted.

Dated this 9th day of May, 2019.

*David W. Christel*
David W. Christel
United States Magistrate Judge

---

[2] All other portions of the Pretrial Scheduling Order (Dkt. 51) remain in full force and effect.