1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10

11

12

13

14

| | |
|---|---|
| MICHAEL DENTON,<br><br>Plaintiff,<br><br>v.<br><br>TIM THRASHER, et al.,<br><br>Defendants. | CASE NO. 3:18-CV-05017-BHS-DWC<br><br>ORDER GRANTING MOTION TO AMEND |

15     The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

16 Judge David W. Christel. Presently before the Court is Plaintiff Michael Denton's Motion for

17 Leave to File a Third Amended Complaint ("Motion"). Dkt. 95. The Court concludes the

18 interests of justice require giving leave to amend. Accordingly, Plaintiff's Motion (Dkt. 95) is

19 granted and Defendants' Motion for Summary Judgment (Dkt. 97) is denied without prejudice.

20 **I.     Background**

21     In the Second Amended Complaint, Plaintiff alleges his constitutional rights under the

22 First and Eighth Amendments were violated while he was incarcerated. Dkt. 64. Plaintiff also

23

24

contends that Defendants violated his rights under the Americans with Disabilities Act. *Id.* In the Motion, Plaintiff seeks to add Lieutenant Daniel Bayer as a defendant. Dkt. 95.

Plaintiff initiated this lawsuit on January 5, 2018. Dkt. 1. On February 14, 2018, the Court, having screened Plaintiff's Complaint, ordered Plaintiff to show cause or file an Amended Complaint because of deficiencies identified in the Complaint. Dkt. 7. Plaintiff filed an Amended Complaint on March 5, 2018. Dkt. 11. On March 7, 2018, the Court, having screened Plaintiff's Amended Complaint, ordered Plaintiff to show cause or file a Second Amended Complaint because of deficiencies identified in the Amended Complaint. Dkt. 12. Plaintiff filed a Second Amended Complaint on April 10, 2018. Dkt. 18.

On June 6, 2018, the Court dismissed Plaintiff's claims against several Defendants and gave Plaintiff leave to file an additional amended complaint based on the surviving claims. Dkt. 21, 24. On November 20, 2018, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. Dkt. 60. The Court granted Plaintiff's motion, and Plaintiff filed the Second Amended Complaint as the operative complaint on December 21, 2018. Dkt. 63, 64.

The discovery period ended on August 7, 2019. Dkt. 85, 89. On August 15, 2019, Plaintiff filed the Motion. Dkt. 95. Defendants filed a Response to the Motion on August 26, 2019, requesting the Court deny Plaintiff's Motion. Dkt. 110. Plaintiff filed his Reply on August 30, 2019. Dkt. 112, 113.

After the Motion was filed, but prior to filing their Response to the Motion, on August 21, 2019, Defendants filed a Motion for Summary Judgment. Dkt. 97.

**II.   Discussion**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) ***Amending as a Matter of Course***

A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) ***Other Amendments***

In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Plaintiff has filed three amended complaints and the time has expired for filing an amendment as a matter of course, Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 95, 110. Thus, to amend the Second Amended Complaint, Plaintiff must have the Court's leave. *See* Fed.R.Civ.P. 15(a)(2).

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). When determining whether to grant leave to amend, the Court considers five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Defendants assert the Motion should be denied due to (1) prejudice to Defendants, (2) futility of the proposed third amended complaint, and (3) undue delay. Dkt. 110.

First, Defendants allege they will be prejudiced if Plaintiff is allowed to amend the Second Amended Complaint. Dkt. 110. Defendants specifically state they will be prejudiced because discovery will be reopened and resolution of their pending motion for summary judgment will be postponed. *Id.* at p. 2. If Plaintiff is allowed to amend the Second Amended Complaint, discovery would be limited to the one additional defendant, Bayer. Further, Defendants filed the Motion for Summary Judgment after Plaintiff notified Defendants' counsel that he would be seeking leave to add claims against Bayer based on information disclosed during early August 2019 depositions and after the Motion requesting leave to amend was filed. *See* Dkt. 95, 97, 113-1, p.16. Defendants were on notice of the Motion prior to filing their Motion for Summary Judgment, yet they did not seek an extension of time to file dispositive motions until the pending Motion was resolved.

Plaintiff's proposed third amended complaint should not create a significant amount of additional discovery and expense. Additionally, Defendants were aware of the Motion a week before filing their Motion for Summary Judgment. Therefore, the Court finds Defendants are not unfairly prejudiced if Plaintiff is allowed to amend his Second Amended Complaint at this time.

Second, Defendants contend the proposed amendments are futile. Dkt. 110. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants, first, state Plaintiff is attempting to clarify claims against two Defendants who have been in the case for over a year and who have moved for summary judgment. Dkt. 110. Defendants assert it is futile and inefficient to add claims that are already being addressed on summary judgment. *Id*. However, it is not futile to clarify claims that Defendants are seeking be dismissed at summary judgment.

Defendants next argue Plaintiff seeks to add Bayer, a new defendant, for actions Bayer took in his supervisory position, which is impermissible. *Id*. Section 1983 supervisory liability cannot be based on *respondeat superior. See Monell v. New York City Dep't of Social Servs*., 436 U.S. 658, 691 (1978). A § 1983 action may not be brought against a supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff must allege facts showing the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). The proposed third amended complaint alleges Bayer either ordered or permitted correctional staff to allow Plaintiff to self-harm without intervention. Dkt. 95-2, p. 4. The proposed third amended complaint also alleges Plaintiff communicated allegedly inhumane conditions of confinement to Bayer. *Id*. at p. 9. At this time, the Court does not find Plaintiff can prove no set of facts to prevail on the proposed claims.

Defendants also contend the claims against Bayer are unexhausted. Dkt. 110. In the proposed third amended complaint, Plaintiff alleges all claims are exhausted. *See* Dkt. 95-2, p. 3. As it is not clear on the face of the proposed third amended complaint that Plaintiff has failed to exhaust administrative remedies as to the claims against Bayer, the Court finds Defendants have not shown futility based on an alleged failure to exhaust. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (failure to exhaust is properly raised in a motion for summary judgment).

For the above stated reasons, the Court finds the proposed third amended complaint is not futile.

Third, Defendants maintain Plaintiff unduly delayed in filing the Motion. Dkt. 110. "Undue delay by itself [. . . ] is insufficient to justify denying a motion to amend." *Bowles v.*

*Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The Court has found no prejudice or futility of the amendments; therefore, the Court declines to determine if there was undue delay in filing the Motion.

**III.    Conclusion**

A.  Motion to Amend

The Court does not find Defendants will be unfairly prejudiced by allowing Plaintiff to amend nor find Plaintiff's proposed third amended complaint is futile. Therefore, the Court finds the interests of justice require giving Plaintiff leave to amend. Accordingly, Plaintiff's Motion (Dkt. 95) is granted.

Plaintiff is directed to file the third amended complaint on or before **September 17, 2019**.

B.  Motion for Summary Judgment

The Third Amended Complaint and the potential new discovery impacts the pending Motion for Summary Judgment. Therefore, the Motion for Summary Judgment (Dkt. 97) is denied without prejudice with the right to refile.

Defendants are not required to refile evidence previously filed in this case. However, the Court intends to only consider the evidence cited to in any motions for summary judgment; thus, the parties must, in any subsequent motion for summary judgment, specifically cite to the evidence on which they rely. *See* Fed. R. Civ. P. 56(c)(3) ("[t]he court need consider only the cited materials ...").

C.  Pretrial Scheduling Order

The Court amends the Pretrial Scheduling Order (*see* Dkt. 69, 89) as follows:

- Discovery is re-opened for the limited purpose of allowing Plaintiff to conduct discovery related only to the additional claims against Bayer. Discovery for this limited purpose must be completed by **November 4, 2019**.

- Any dispositive motions shall be filed and served by **December 5, 2019**.

The Court has reset discovery and dispositive deadlines several times in this case. The Court notes it does not intend to extend these deadlines any further in this case absent extraordinary circumstances.

Dated this 3rd day of September, 2019.

David W. Christel
United States Magistrate Judge