UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL DENTON,<br><br>               Plaintiff,<br>   v.<br><br>TIM THRASHER, et al.,<br><br>               Defendants. | CASE NO. C18-5017 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, REQUESTING SUPPLEMENTAL BRIEFS, AND RENOTING PLAINTIFF'S OBJECTIONS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt.137, and Plaintiff Michael Denton's ("Denton") objections to the R&R, Dkt. 138.

On March 20, 2020, Judge Christel issued the R&R recommending that the Court grant Defendants Daniel Bayer, Jaime Davis, William Fletcher, Keith Goodenough, Lindsey McIntyire, David McKinney, Sheldon Moore, Officer O'Reilly, Karie Rainer, Scott Russell, Richard Scholl, and Tim Thrasher's ("Defendants") motion for summary judgment and deny Denton's motion for summary judgment. Dkt. 137. On April 3,

2020, Denton filed objections. Dkt. 138. On April 9, 2020, Defendants responded. Dkt. 139.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**A.    Exhaustion**

The R&R recommends that the Court conclude that Denton failed to exhaust his administrative remedies by completing the multi-stage grievance process implemented by the Washington Department of Corrections ("DOC"). Dkt. 137 at 13–17. It is undisputed that DOC officer Morris transcribed Denton's grievance because Denton was placed in a restraint bed and was not allowed pen or paper. Dkt. 98-1. Officer Morris transcribed the grievance on January 1, 2018 and DOC officially received it on January 2, 2018. *Id.* The grievance indicates that DOC official Walker considered the grievance routine instead of emergency and requested additional information on January 9, 2018. *Id.* Denton declares that he never received a response to this grievance or the request to rewrite it. Dkt. 127, ¶ 26. The grievance indicates that no rewrite was received as of January 17, 2018. Dkt. 98-1. DOC employee Rebecca Citrak declares that the grievance was then closed. Dkt. 98, ¶ 8.

Denton objects to the R&R's conclusion on this issue. The Court agrees with Denton because at the very least a question of fact exists as to whether Denton received any response. "Delay in responding to a grievance, particularly a time-sensitive one, may

demonstrate that no administrative process is in fact available." *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("*Jernigan*") ("[F]ailure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (affirming district court decision not to dismiss for failure to exhaust when a Department of Corrections' failure to respond to a preliminary grievance precluded the plaintiff from pursuing a formal grievance). Here, taking the facts in the light most favorable to Denton, he has submitted evidence showing that he did not receive a response in the time limits contained in the grievance policy and that his grievance was closed for failure to respond. Thus, it appears that a question of fact exists regarding exhaustion.

The R&R and Defendants place the burden on Denton for failing to file another grievance within the administrative time limits. Dkt. 137 at 16; Dkt. 139 at 2–3. The problem with this argument is that there is nothing in the record to establish that Denton could have filed an appeal of his grievance after a certain time period. While DOC employee Citrak describes certain aspects of the DOC's grievance policy, she fails to explain whether a grievance that has been closed for failure to rewrite may be appealed.[1] In *Jernigan*, the court concluded that even though the prison official failed to timely return the inmate's grievance, the inmate failed to exhaust because he could have

---

[1] In a previous case, the DOC's position was that such grievances may not be appealed. *See Richey v. Dahne*, C12-5060-BHS, Dkt. 15 at 5 (W.D. Wash. 2012) ("On December 23, 2011, the Acting Grievance Program Manager, Kerri S. McTarsney, responded to Mr. Richey by reminding him that requests for rewrites cannot be appealed . . . .").

appealed the grievance when the time for a response lapsed. Therefore, before the Court moves to the merits of the events set forth in the grievance, the Court requests additional briefing on whether Denton could have appealed the allegedly unreturned grievance.

**B.     Other Claims**

Judge Christel recommends that the Court grant Defendants' motion for summary judgment on Denton's other Eighth Amendment claims and Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims. Dkt. 137 at 18–38. Although Denton objects to these conclusions, he fails to cure the major deficiencies in his claims. First, he fails to establish personal participation by any named defendants. While his allegations are troubling, it is improper to indict the DOC in general or unnamed DOC employees. Moreover, for his ADA and RA claims, he fails to establish discrimination because of his disability as opposed to an alleged failure to provide adequate mental health treatment at the institutions of incarceration.

Therefore, the Court having considered the R&R, Denton's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part**;

(2) Defendants' motion for summary judgment is **GRANTED in part** and Denton's motion for summary judgment is **DENIED in part**;

(3) Defendants may file a supplemental response to the exhaustion issue no later than July 7, 2020, and Denton may file a supplemental reply no later than July 10, 2020; and

1  (4) The Clerk shall terminate the R&R, Dkt. 137, and renote Denton's objections for consideration on the Court's July 10, 2020 calendar.

Dated this 29th day of June, 2020.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge