UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

                  Plaintiff,

    v.

TIM THRASHER, et al.,

                Defendants.

CASE NO. C18-5017 BHS

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AS TO THE ISSUE OF EXHAUSTION, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN PART, AND REFERRING FOR FURTHER CONSIDERATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt.137, Plaintiff Michael Denton's ("Denton") objections to the R&R, Dkt. 138, the Court's order adopting the R&R in part, requesting supplemental briefs, and renoting Denton's objections, Dkt. 142, and the parties' supplemental briefs, Dkts. 143, 145.

On March 20, 2020, Judge Christel issued the R&R recommending that the Court grant Defendants Daniel Bayer, Jaime Davis, William Fletcher, Keith Goodenough, Lindsey McIntyire, David McKinney, Sheldon Moore, Officer O'Reilly, Karie Rainer,

ORDER - 1

1    Scott Russell, Richard Scholl, and Tim Thrasher's ("Defendants") motion for summary

2    judgment and deny Denton's motion for summary judgment.  Dkt. 137.  On April 3,

3    2020, Denton filed objections.  Dkt. 138.  On April 9, 2020, Defendants responded.  Dkt.

4    139.  On June 29, 2020, the Court adopted the R&R in part and reserved ruling in part,

5    requested supplemental briefs as to exhaustion of a grievance, and renoted Denton's

6    objections.  Dkt. 142.  On July 7, 2020, Defendants filed a supplemental response.  Dkt.

7    143.  On July 10, 2020, Denton replied.  Dkt. 145.

8         The district judge must determine de novo any part of the magistrate judge's

9    disposition that has been properly objected to. The district judge may accept, reject, or

10   modify the recommended disposition; receive further evidence; or return the matter to the

11   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

12        The R&R recommends that the Court conclude that Denton failed to exhaust his

13   administrative remedies by completing the multi-stage grievance process implemented by

14   the Washington Department of Corrections ("DOC").  Dkt. 137 at 13–17.  The grievance

15   in question was transcribed on January 1, 2018 by officer Morris on Denton's behalf

16   because Denton was in restraints.  Dkt. 98-1.  At the top of the grievance, the emergency

17   box is checked.  *Id.*  Although it is unclear whether Denton intended to file the grievance

18   as a medical or non-medical emergency, Denton stated that he was "cutting himself" and

19   "bleeding," "blood was everywhere," and he was "banging his head against the wall."  *Id.*

20   He alleged that Defendant Fletcher instructed staff to "do nothing" to help Denton and

21   that staff was antagonizing Denton to "kill himself."  *Id.*  Taking the facts and inferences

22   in the light most favorable to Denton, this would seem to be an emergency medical

1  situation.  The fact that corrections staff were working closely with the Mental Health

2  Duty Officer ("MHDO") to control Denton during the relevant time period also supports

3  the inference that Denton was grieving a medical emergency.  *See* Dkt. 104 at ¶¶ 5–7

4  ("At approximately 2040 hours, the MHDO recommended that Denton be placed in the

5  restraint chair due to the self-harm."; "At approximately 2315, the MHDO recommended

6  that Denton be placed in the restraint bed.").  Regardless, under DOC protocol, the officer

7  receiving the grievance is delegated the authority to determine whether the grievance is

8  emergent.  Dkt. 144-1 at 13–14.  Here, Officer Long determined that the grievance did

9  "not meet the criteria of an emergency complaint and [would] be processed as routine."

10  Dkt. 98-1.

11      Turning to the DOC grievance protocol, it provides a process for emergency

12  grievances as follows:

13      For all emergency complaints involving serious medical issue, a licensed
        medical staff will make a determination of the need for medical attention.
14      The individual responding to the emergency complaint must clearly state
        the medical staff decision on the form, note the date and time, legibly sign
15      the form and ensure a copy is provided to the offender. The offender may
        appeal a non-emergent medical complaint response to the facility
16      superintendent (OD duty officer after hours). Appeals must be filed within
        one (1) hour of receipt of the decision that your complaint does not meet
17      the criteria of an emergent medical complaint. If the appeal is upheld, the
        complaint will be processed through routine channels. Complaints filed as
18      an emergency, other than serious medical issue and determined not to be an
        emergent, will be processed through routine channels and is not appealable.

19
    Dkt. 144-1 at 13.  Although Officer Long wrote on the grievance that it didn't meet the
20
    criteria for an emergency complaint, it is unclear why he made this determination or
21
    whether he is "a licensed medical staff" as set forth in the protocol.  Regardless, even if
22

1 the grievance is deemed non-medical and non-emergent, the protocol requires that the

2 "[c]oordinator/designee respond[] in writing of the non-emergent status with a copy to

3 the offender . . . [w]ithin 1 hour of receipt of complaint."  Dkt. 114-1 at 14 ("IF

4 DEEMED NON –EMREGENT:").  Defendants have failed to submit any evidence to

5 establish that Officer Long or any other officer informed Denton within one hour that his

6 grievance was deemed non-emergent.  In the absence of such direct evidence, the Court

7 accepts Denton's declaration that he never received a response within one hour, or at all.

8 Dkt. 127, ¶ 26.

9      "Delay in responding to a grievance, particularly a time-sensitive one, may

10 demonstrate that no administrative process is in fact available."  *Brown v. Valoff*, 422

11 F.3d 926, 943 n.18 (9th Cir. 2005); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032

12 (10th Cir. 2002) ("*Jernigan*") ("[F]ailure to respond to a grievance within the time limits

13 contained in the grievance policy renders an administrative remedy unavailable"); *Foulk*

14 *v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (affirming district court decision not to

15 dismiss for failure to exhaust when a Department of Corrections' failure to respond to a

16 preliminary grievance precluded the plaintiff from pursuing a formal grievance).

17      In this case, the Court finds that, at the very least, Denton has established a

18 question of fact whether any administrative process was available to him to appeal what

19 he believed was an emergency medical grievance.  The DOC protocol required a

20 response within an hour.  Denton, having not received a response, filed this complaint

21 three days later on January 5, 2020.  If the factfinder accepts Denton's allegation that he

22 never received a response, then the reasonable conclusion follows that a three-day delay

1 | in failing to respond to an emergency medical grievance demonstrates that no available

2 | administrative remedy was available.  Therefore, the Court declines to adopt the R&R on

3 | the issue of exhaustion and denies Defendants' motion for summary judgment on this

4 | issue.

5 |      Turning to the merits of the events detailed in the relevant grievance, the R&R

6 | relied on the exhaustion ruling and did not address the substance of Denton's claims

7 | based on these specific allegations.  *See* Dkt. 137 at 27 n.9 ("the Court previously found

8 | Plaintiff failed to exhaust his administrative remedies as to the events on December 31,

9 | 2017. This finding also includes any conditions of confinement claims related to the lack

10 | of a toilet or sanitation during the same time period." (citation omitted)).  Therefore, the

11 | Court refers the matter for further consideration of these issues.

12 |      The Court having considered the R&R, Denton's objections, the parties

13 | supplemental briefs, and the remaining record, does hereby find and order as follows:

14 |     (1)    The Court **DECLINES TO ADOPT in part** as to the exhaustion issue;

15 |     (2)    Defendants' motion for summary judgment is **DENIED in part** as to

16 |         exhaustion on Denton's January 1, 2018 grievance because material

17 |         questions of fact exist; and

18 |     (3)    The matter is referred to Judge Christel for further consideration.

19 |      Dated this 15th day of September, 2020.

20 |

21 |

22 |              BENJAMIN H. SETTLE
             United States District Judge