1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  MICHAEL DENTON,

11           Plaintiff,

CASE NO. 3:18-CV-5017-BHS-DWC

12           v.

ORDER

13  TIM THRASHER, et al.,

14           Defendants.

15      The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate

16  Judge David W. Christel. On December 5, 2019, Plaintiff Michael Denton, filed a Motion for

17  Summary Judgment ("Plaintiff's Motion"). Dkt. 120. The same day, Defendants filed a Motion

18  for Summary Judgment ("Defendants' Motion"). Dkt. 121. After considering the Motions and

19  record, the undersigned issued a Report and Recommendation ("R&R") recommending

20  Plaintiff's Motion be denied and Defendants' Motion be granted. *See* Dkt. 137.

21      On June 29, 2020, the Honorable Benjamin H. Settle, the District Judge assigned to this

22  case, entered an Order adopting the R&R in part and requesting supplemental briefing on the

23  issue of exhaustion. Dkt. 142. On September 14, 2020, Judge Settle declined to adopt the R&R

24

1   on the issue of exhaustion as to the January 1, 2018 grievance and re-referred the matter to the

2   undersigned for further consideration. Dkt. 146.

3           The undersigned then directed the parties to submit a joint status report on or before

4   October 22, 2020 advising the undersigned: (1) whether Defendants' Motion should be reopened

5   or whether the parties anticipate filing renewed dispositive motions and (2) whether additional

6   discovery is necessary, and if so, the scope of any additional discovery. Dkt. 147.

7           On October 22, 2020, the parties filed the Joint Status Report. Dkt. 148. Defendants'

8   position is prior to ruling on the merits of the remaining claims, the Court must first resolve the

9   disputed questions of fact regarding exhaustion. Dkt. 148 at 1 (citing *Albino v. Baca,* 747 F.3d

10  1162, 1170-71 (9th Cir. 2014)). Defendants argue the Court should hold an evidentiary hearing

11  to resolve the disputed factual issues related to exhaustion. *Id.* Plaintiff's position is Defendants

12  failed to establish as a matter of law that administrative remedies were available to Plaintiff. Dkt.

13  148 at 1-2. Therefore, Plaintiff argues the Court should rule on the underlying claims in this case.

14  *Id.* The parties agree if evidentiary hearing is required, then discovery should be reopened for a

15  period of 60 days. Dkt. 148 at 2.

16          Exhaustion is a threshold issue which "should be decided, if feasible, before reaching the

17  merits of a prisoner's claim." *Albino v. Baca,* 747 F.3d 1162, 1170-71 (9th Cir. 2014). In *Albino,*

18  the Ninth Circuit held that "[i]f a motion for summary judgment is denied, disputed factual

19  questions relevant to exhaustion should be decided by the judge, in the same manner a judge

20  rather than a jury decides disputed factual questions relevant to jurisdiction and venue. *Id.; See*

21  *also McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 188-190 (1936) (with respect to

22  subject-matter jurisdiction, the Supreme Court indicated it may "inquire into the facts as they

23  really exist[]"); *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1139-1140 (9th Cir. 2004)

24

1 (venue); *Lake v. Lake,* 817 F.2d 1416, 1420 (9th Cir. 1987) (with respect to personal jurisdiction,

2 the Supreme Court held courts "ha[ve] the discretion to evidence at a preliminary hearing in

3 order to resolve any questions of credibility or fact[]").

4       Here, the threshold issue is whether Defendants' failure to respond to Plaintiff's

5 perceived emergency medical grievance rendered the grievance process effectively unavailable.

6 *See* Dkt. 146. Judge Settle denied Defendants' Motion because the evidence, viewed in the light

7 most favorable to Plaintiff, raised a genuine dispute about whether any administrative process

8 was available to Plaintiff to appeal what he believed was an emergency medical grievance. Dkt.

9 146 at 3-5. Judge Settle stated "[i]f the factfinder accepts Denton's allegation that he never

10 received a response, then the reasonable conclusion follows that a three-day delay in failing to

11 respond to an emergency grievance demonstrates that no available administrative remedy was

12 available." Dkt. 146 at 4-5.

13       Because exhaustion is a threshold issue which should be decided, if feasible, before

14 reaching the merits of a prisoner's claim, *Albino,* 747 F.3d at 1170, the undersigned reopens

15 discovery, limited to the issue of exhaustion as to the January 1, 2018 grievance. *See* Dkt. 148 at

16 2 (parties agree if an evidentiary hearing is needed, discovery should be reopened); *Ransom v.*

17 *Aguirre,* 2016 WL 10646321, at *1 (E.D. Cal. Mar. 11, 2016), *report and recommendation*

18 *adopted,* 2016 WL 10644771 (E.D. Cal. July 27, 2016) (the district court issued findings and

19 recommendations recommending a motion for summary judgment be denied pending an

20 evidentiary hearing on the issue of exhaustion).

21       Accordingly, the Court orders:

22     (1) Discovery, limited to the issue of exhaustion of the January 1, 2018 grievance, shall

23         be completed on or before January 15, 2021.

24

(2) Any motion to compel discovery shall be filed not later than February 1, 2021.

(3) As the discovery period may impact Defendants' request for an evidentiary hearing and/or the parties may be able to narrow or resolve the issue of exhaustion, the parties are directed to meet and confer and provide the Court with a second joint status report on or before February 15, 2021. Defendants' may also renew their request for an evidentiary hearing in addition to filing the second joint status report on or before February 15, 2021.

Dated this 12th day of November, 2020.


David W. Christel
United States Magistrate Judge

ORDER - 4