UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

    Plaintiff,

v.

TIM THRASHER et al.,

    Defendants.

CASE NO. 3:18-CV-05017-BHS-DWC

ORDER

    The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Before the Court are several Motions: (1) Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Dkt. 156); (2) Plaintiff's Second Motion for Summary Judgment (Dkt. 158); (3) Defendants' Motion for Relief (Dkt. 160); and (4) Defendants' Cross-Motion and Response to Plaintiff's Second Motion for Summary Judgment (Dkt. 166).

**1. Background**

    Plaintiff, now represented by counsel, filed this case in early 2018. In late 2019, Plaintiff filed a Motion for Summary Judgment. Dkt. 120. The same day, Defendants filed a Motion for

ORDER - 1

1 | Summary Judgment ("Defendants' Motion"). Dkt. 121. After considering the Motions and

2 | record, the undersigned issued a Report and Recommendation ("R&R") recommending

3 | Plaintiff's Motion be denied and Defendants' Motion be granted. See Dkt. 137.

4 | On June 29, 2020, the Honorable Benjamin H. Settle, the District Judge assigned to this

5 | case, entered an Order adopting the R&R in part and requesting supplemental briefing on the

6 | issue of exhaustion. Dkt. 142. On September 14, 2020, Judge Settle declined to adopt the R&R

7 | on the issue of exhaustion as to the January 1, 2018 grievance and re-referred the matter to the

8 | undersigned for further consideration. Dkt. 146.

9 | As a result, this case is proceeding on Plaintiff's remaining claims involving the

10 | December 31, 2017 events set forth in the January 1, 2018 grievance. See id.; Dkt. 98-1

11 | (grievance form); Dkt. 116 at 6-7, 9, 11 (Plaintiff's Fourth Amended Complaint).  On December

12 | 31, 2017, Plaintiff was on suicide watch at Washington State Penitentiary in a close observation

13 | area cell ("COA"). Dkt. 106-1 at 98; 107 at 1-2. Plaintiff alleges Defendants Scholl, Moore,

14 | Bayer, and Fletcher retaliated against him and violated the Eighth Amendment by allowing

15 | Plaintiff to commit self-harm for several hours without intervention and the conditions of the

16 | COA cell were unsanitary. See id.; Dkt. 98-1 (grievance form); Dkt. 116 at 6-7, 9-11 (Plaintiff's

17 | Fourth Amended Complaint).  The undersigned reopened discovery with respect to the issue of

18 | exhaustion, and on March 23, 2021 set a new dispositive deadline of May 7, 2021. Dkt. 149, 155

19 | (March 23, 2021 Order).

20 | On May 7, 2021, Defendants filed a Motion for Summary Judgment on the Issue of

21 | Exhaustion. Dkt. 156. The same day, Plaintiff filed a Second Motion for Summary Judgment.

22 | Dkt. 158. On May 20, 2021, Defendants filed the Motion for Relief. Dkt. 160. On June 1, 2021,

23 | Defendants filed a Cross-Motion for Summary Judgment and Response to Plaintiff's Second

24 |

Motion for Summary Judgment. Dkt. 166. On June 7, 2021, Plaintiff filed Objections to the Cross-Motion for Summary Judgment and Response. Dkt. 171.

### 2. Motion for Relief (Dkt. 160)

Defendants move to modify the Court's March 23, 2021 Order (Dkt. 155) to allow them to file a Cross-Motion for Summary Judgment on the merits.[1] Dkt. 160. Federal Rule of Civil Procedure 16(b)(4) allows a party to modify a scheduling order for good cause. "The good cause standard 'primarily considers the diligence of the party seeking the amendment' ... 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' " *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009), *aff'd sub nom. C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.,* 654 F.3d 975 (9th Cir. 2011). In determining good cause under Rule 16, a court considers four factors: (1) the explanation for the failure to timely move for relief; (2) the importance of the relief sought; (3) potential prejudice in allowing the relief; and (4) the availability of a continuance to cure such prejudice.' " *Id.* at 1196. To the extent that Rule 6(b)(1)(B) applies, a court can extend a deadline to act after it has passed based on a showing of excusable neglect.

In the Motion for Relief, Defendants' counsel states in February 2021, prior counsel for Defendants left the Washington Attorney General's Office and the case was reassigned to new counsel, Timothy Feulner. Dkt. 152, 153, 160, 161, Declaration of Timothy Feulner. Mr. Feulner states when the time to file a new dispositive motion arrived, Defendants' counsel filed the Motion for Summary Judgment based on the Issue of Exhaustion Dkt. 156. Mr. Feulner states this filing was based on a "misinterpretation" of the Court's March 23, 2021 Order. Dkt. 156, 160, 161. Defendants argue there is a valid basis to modify the Court's March 23, 2021 Order in

---

[1] Defendants did file the aforementioned Cross-Motion on June 1, 2021. Dkt. 166.

light of the procedural history of this case, lack of prejudice to Plaintiff, and significant prejudice to Defendants if they are not permitted to file the Cross-Motion for Summary Judgment Dkt. 160.

Plaintiff filed a Response to the Motion for Relief, Dkt. 162, and Objections, Dkt. 171. Plaintiff argues Mr. Feulner's failure to read the Court's March 23, 2021 Order is neither excusable neglect nor grounds for Defendants' requested relief. Dkt. 162. Further, Plaintiff argues Mr. Feulner has not shown good cause for modifying the March 23, 2021 Order to allow Defendants to file the Cross-Motion for Summary Judgment on the merits because Plaintiff has already prepared his opposition to Defendants' Motion for Summary Judgment and pushing the briefing schedule back one month is not fair to Plaintiff. Dkt. 162. Plaintiff's counsel asserts all contact with Plaintiff has been via telephone and he must mail documents to Plaintiff each time something is filed, which is a time-consuming process. *Id.* In his Objections, Plaintiff requests the Court strike Defendants' Cross-Motion for Summary Judgment. Dkt. 171.

First, Defendants attribute the delay in seeking relief to a misinterpretation of the March 23, 2021 Order. Dkt. 160. However, the Court is not persuaded Defendants have been diligent in seeking the requested relief. The record does not suggest Defendants were not aware of the arguments in support of the Cross-Motion for Summary Judgment until after the May 7, 2021 deadline.

Nevertheless, the Court finds the remaining factors support a finding of good cause. First, Plaintiff would not be significantly prejudiced by a short one-month delay. This case has already been pending since 2018 and allowing Defendants to file the Cross-Motion for Summary Judgment at this stage will not create any significant issues of case management, but rather, will facilitate efficient adjudication of this matter including the interests of justice and judicial

economy. *See Capistrano,* 656 F. Supp. 2d at 1197-98. *See* Fed. R. Civ. P. 16(b) (the purpose of Rule 16(b) is to facilitate judicial control over a case and to set a schedule for pretrial matters); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608–09 (9th Cir. 1992) (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 469 (D. N.J. 1990)). Second, the importance of the relief sought, to address the merits of Plaintiff's underlying Eighth Amendment claim, favors consideration of the issue of exhaustion concurrently with the merits of the underlying claim.[2] The Court, as a matter of policy, prefers to decide cases on the merits of the claims, rather than procedural technicalities. And lastly, while Defendants' recent change of counsel, standing alone, may not be a sufficient basis for Rule 16 relief, coupled with the aforementioned factors, the Court concludes this factor also weighs in favor of granting Defendants' Motion for Relief.

Therefore, after considering the briefing and relevant record, the Court grants Defendants' Motion for Relief (Dkt. 160). Defendants are permitted to file the Cross-Motion for Summary Judgment on the merits of Plaintiff's Eighth Amendment claims. The Court's prior March 23, 2021 Order (Dkt. 155) is modified in accordance. Based on the foregoing, Plaintiff's Objections and request to strike Defendants' Cross-Motion for Summary Judgment (Dkt. 171) are denied.

Plaintiff may file a response to Defendants' Cross-Motion for Summary Judgment on or before July 2, 2021. Defendants may file a reply on or before July 9, 2021.[3] While the Court is

---

[2] Defendants argue the issue of exhaustion should be resolved prior to the merits, either by granting their Motion for Summary Judgment on the Issue of Exhaustion or holding an evidentiary hearing. However, they argue if the Court finds summary judgment on the merits is appropriate in Defendants' favor, the Court could resolve the case on the merits. *See* Dkt. 160 at 3, fn.2.

[3] At this time, the Court will not accept any additional briefing on the issue of exhaustion raised in Defendants' Motion for Summary Judgment on the Issue of Exhaustion (Dkt. 156) or Plaintiff's Second Motion for Summary Judgment (Dkt. 158).

cognizant of the short delay in adjudication of this matter, the Court also acknowledges Plaintiff should be afforded an ample opportunity to respond to Defendants' Cross-Motion for Summary Judgment, including time for mailing as indicated in his Response. *See* Dkt. 162. Therefore, If Plaintiff requires additional time to respond to Defendants' Cross-Motion for Summary Judgment, he may file a request for extension prior to July 9, 2021.

Based on the foregoing, the Court directs the Clerk to renote the remaining Motions (Dkt. 156, 158, 166) for consideration on July 9, 2021.

Dated this 15th day of June, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge