UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL DENTON,

        Plaintiff,

v.

TIM THRASHER, et al.,

        Defendant.

CASE NO. C18-5017 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 176, recommending that the Court deny the parties' cross-motions for summary judgment and that the Court hold an evidentiary hearing on the core issue of whether Plaintiff Michael Denton exhausted his administrative remedies.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Denton is currently incarcerated by the State of Washington and has been held in multiple state facilities during his term of incarceration. He is presently detained at Stafford Creek Corrections Center. In his complaint, Denton claimed his previous jailors at the Washington State Correctional Facility in Walla Walla violated his constitutional

ORDER - 1

rights in various ways. The surviving claim relates to a grievance Denton filed on January 1, 2018 asserting that prison officials failed to appropriately respond to him self-harming while he was on suicide watch. After that incident, while strapped to a restraint bed, Denton asked Officer Morris to transcribe three grievances for him. Officer Morris transcribed one grievance for Denton, which Denton indicated was to be filed as an emergency grievance. Officials must respond to emergency grievances within one hour of filing. Denton claims he did not receive timely notice regarding his grievance on January 1. Prison officials claim they timely explained to Denton that his grievance was being considered non-emergent. Denton drafted his initial complaint in this suit on January 3, 2018. Dkt. 1-1.

On March 20, 2020, Judge Christel issued an R&R in response to the parties' cross motions for summary judgment. Dkt. 137. There, Judge Christel recommended that this Court deny Denton's motion for summary judgment and grant Defendants' motion for summary judgment. *Id.* This Court adopted Judge Christel's R&R in part, dismissing some of Denton's claims. Dkt. 142. But this Court disagreed with the R&R on the issue of exhaustion and requested additional briefing on whether Denton could have appealed the allegedly unreturned grievance. *Id.* After the parties filed their additional briefing, this Court declined to adopt Judge Christel's R&R on the exhaustion issue, holding that Denton had established a question of material fact. Dkt. 146. The parties again filed cross motions for summary judgment, asserting many of the same arguments previously considered on the exhaustion issue. Dkts. 156, 158, 166.

1    On August 3, 2021, Judge Christel issued the instant R&R recommending that the Court deny the parties' cross-motions for summary judgment on exhaustion and set an evidentiary hearing on the exhaustion issue. Dkt. 176 at 16. Judge Christel also declined to address the merits of the underlying claims. *Id.* Defendants Daniel Bayer, Jaime Davis, William Fletcher, Keith Goodenough, Lindsey McIntyire, David McKinney, Sheldon Moore, O'Reilly, Karie Rainer, Scott Russell, Richard Scholl, State of Washington, and Tim Thrasher objected to the R&R, arguing that there is no genuine dispute of material fact that Denton failed to exhaust his administrative remedies. Dkt. 177. Denton responded, arguing that he exhausted to the extent he was able and was effectively denied his right to pursue administrative relief any further. Dkt. 179. The factual background of this case is fully set out in the instant R&R, Dkt. 176, and the Court need not repeat it here.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition to which a proper objection has been filed. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the magistrate judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

The Ninth Circuit has laid out a clear process for resolving exhaustion issues under the Prison Litigation Reform Act ("PLRA"). If there is an exhaustion issue in a

1  PLRA case, exhaustion should be resolved before reaching the merits of the case, if
2  feasible. *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). "If there is a genuine
3  dispute about material facts, summary judgment will not be granted." *Id.* at 1169. "If a
4  motion for summary judgment is denied, disputed factual questions relevant to
5  exhaustion should be decided by the judge, in the same manner a judge rather than a jury
6  decides disputed factual questions relevant to jurisdiction and venue." *Id.* at 1170–71
7  (internal citations omitted).

8  There are two exhaustion-related issues in this case: (1) whether Denton had an
9  administrative grievance process available at the time he filed his lawsuit and, if so, (2)
10 whether he exhausted that process. The parties are largely disputing the former issue—
11 the availability of an administrative grievance process. Defendants argue that an
12 administrative process was available and that Denton did not fully utilize that process.
13 *See* Dkts. 156, 166, 177. Denton argues that although the prison does have an
14 administrative grievance process, prison staff effectively denied him the ability to utilize
15 that process. *See* Dkts. 158, 179. The Court previously found that there are disputed
16 issues of material fact regarding exhaustion. *See* Dkt. 146. No evidence has been
17 presented that persuades the Court that those disputed issues have been resolved. Because
18 there is a genuine dispute of material fact, the parties' cross-motions for summary
19 judgment are denied. The Court agrees with the R&R that an evidentiary hearing on
20 exhaustion should be held where the Court can make findings of fact.

21
22

**A.      Exhaustion of Administrative Remedies**

Defendants first argue that the R&R sets a rule that would allow an inmate to bypass the exhaustion requirement prior to receiving a response about a grievance. Dkt. 177 at 3–5. Defendants state that it would be unprecedented to permit "an inmate to file a lawsuit prior to the time that prison officials had to respond to his grievance and prior to the expiration of time that an inmate had for filing a grievance." *Id.* at 5. Denton asserts that the time for Defendants to respond had expired. Dkt. 179 at 4.

The Court agrees with the R&R that there is a disputed issue of material fact as to whether officials notified Denton that his grievance was taken out of the emergency process. Prison officials had one hour to inform Denton, in writing, that his grievance was being considered non-emergent. *See* Dkt. 144 at 14. Officials claim he was informed, Dkt. 177 at 3; Denton claims he was not, Dkt. 179 at 2. If prison officials did not inform Denton that his grievance was going through the normal grievance process, the time had in fact expired for prison officials to respond to his grievance, and Denton would have had no process available to him to appeal that finding. Whether Denton was properly informed that his grievance was considered non-emergent is a material issue of fact that is disputed, and thus the Court must deny both motions for summary judgment. This is essentially the same holding this Court made in its previous order. *See* Dkt. 146 at 4 ("at the very least, Denton has established a question of fact whether any administrative process was available to him to appeal what he believed was an emergency medical grievance").

1          Defendants also argue that "Denton could have filed a grievance if he truly

2  believed that his original grievance had not been filed." Dkt. 177 at 5. While it is true that

3  Denton still had time to file a non-emergency grievance in relation to the challenged

4  incident, Denton had already filed a grievance. It is unclear why Denton should be

5  expected to file another grievance for the same incident. Denton filed what he believed to

6  be an emergency grievance, and the Department had one hour to respond. According to

7  Denton, the Department failed to do so. Exhaustion under the PLRA does not require an

8  inmate to continue to file grievances related to the same incident, it simply requires an

9  inmate to exhaust the grievance process once. In Denton's version of events, he did so.

10 **B.    Plaintiff's Original and First Amended Complaints**

11         Defendants also contest the R&R's treatment of Denton's "claims" in his original

12 complaint. Denton's original complaint was filed on a civil rights complaint form. *See*

13 Dkt. 1-1. The form asks three questions relevant here: (A) Is there a prisoner grievance

14 procedure available at this institution? (B) Have you filed any grievances concerning the

15 facts related to the complaint? (C) Is the grievance process completed? *Id.* at 2. In

16 response to all three questions, Denton checked "yes." *Id.* Defendants argue that

17 Denton's "yes" responses to these questions are effectively admissions that a grievance

18 procedure was available and that Denton has now changed his position by arguing that a

19 grievance procedure was unavailable. Dkt. 177 at 7.

20         Assuming without deciding that Denton's claims in his original complaint are

21 proper evidence, the Court still finds this argument unavailing. As the Court understands

22 it, Denton's argument is not that the prison had no grievance procedure, but rather that a

grievance procedure was effectively unavailable because of Defendants' actions. Specifically, Denton alleges he was unable to proceed through the normal grievance process because Defendants failed to immediately file his emergency grievance, failed to consider the grievance an emergency, and failed to properly notify him that the grievance was being considered non-emergent. As a result, Denton was unable to acquire the emergency relief he sought and was unable to appeal. Viewing the evidence in the light most favorable to Denton, he reasonably believed that (1) there was a prisoner grievance procedure available at the institution, (2) he filed grievances pursuant to that procedure, and (3) he had completed the grievance process to the extent he was able. That is not inconsistent with his current argument that, although there is a prisoner grievance procedure available, he was effectively denied his ability to proceed any further through that process. In other words, in his interpretation, he had exhausted his administrative options at that point.

## III.    ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, orders as follows:

(1)   The R&R is **ADOPTED**;

(2)   Defendants' Motion for Summary Judgment, Dkt. 156, is DENIED on the issue of exhaustion;

(3)   Plaintiff's Motion for Summary Judgment, Dkt. 158, is DENIED on the issue of exhaustion;

(4) The Court declines to address the merits of the underlying claims in the parties' Cross-Motions for Summary Judgment, Dkts. 158, 166; and

(5) An evidentiary hearing on the issue of exhaustion is set for December 13, 2021 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge