```
 1
 2
 3
 4
 5                         UNITED STATES DISTRICT COURT
 6                        WESTERN DISTRICT OF WASHINGTON
                                     AT TACOMA
 7
      MICHAEL DENTON,                         CASE NO. 3:18-cv-5017-BHS
 8
                         Plaintiff,           ORDER GRANTING PLAINTIFF'S
 9         v.                                 MOTION TO RETAX COSTS

10    TIM THRASHER, et al.,

11                       Defendants.

12
```

13    This matter comes before the Court on Plaintiff Michael Denton's Motion to Retax

14 Costs, Dkt. 196. The Court has considered the briefing filed in support of and in

15 opposition to the motion and the remainder of the file and grants the motion for the

16 reasons stated below.

17                              **I.   BACKGROUND**

18    Denton is currently incarcerated by the State of Washington and has been held in

19 multiple state facilities during his term of incarceration. Dkt. 185 at 1. He is presently

20 detained at Monroe Correctional Complex. *Id.* In his original and amended complaints,

21 Denton claimed his previous jailors at the Washington State Correctional Facility in

22 Walla Walla violated his constitutional rights by failing to provide him adequate medical

and mental health treatment, depriving him access to magazines, retaliating against him for filing grievances, housing him in observations cells lacking toilets or running water, failing to prevent him from self-harming, and punishing him for his mental health. *See* Dkts. 1-1, 11, 18, 64, 116.

Denton's longest surviving claim related to a grievance he filed on January 1, 2018 asserting that prison officials failed to appropriately respond to him self-harming while he was on suicide watch. *See* Dkt. 116. After that incident, while strapped to a restraint bed, Denton asked Corrections Officer Morris, who was observing him at the time, to transcribe three grievances for him. Dkt. 158 at 9. Officer Morris transcribed one grievance for Denton, which Denton indicated was to be filed as an emergency grievance. *Id.* After multiple rounds of briefing and an evidentiary hearing, the Court found that Denton failed to exhaust his administrative remedies related to that grievance. *See* Dkt. 187. Because that was Denton's only remaining claim, the Court entered a judgment and closed the case. Dkt. 188.

Defendants moves for costs of $2,766.91, Dkt. 189, and the Clerk of the Court granted that motion, Dkt. 195. The requested fees are for twelve deposition transcripts. *See* Dkts. 189, 189-1. Denton moves to retax those costs, arguing that he is indigent, that he is incarcerated and will be for the foreseeable future, that some of Defendants' costs were unnecessary, and that granting costs in this case would chill future civil rights claimants. Dkt. 196. Defendants argue that costs are appropriate because Denton has not presented evidence that he is indigent, that he will not be chilled from filing further

lawsuits because he frequently sues his jailors, and that the majority of the requested costs resulted from depositions that Denton himself requested. Dkt. 197.

## II.  DISCUSSION

A district court has the discretion to refuse to award costs to a prevailing party under Federal Rule of Civil Procedure 54(d). *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). Appropriate reasons for denying costs include:

> (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties. This is not "an exhaustive list of 'good reasons' for declining to award costs," but rather a starting point for analysis.

*Id.* (quoting *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014)).

Denton has been granted *in forma pauperis* status. Dkt. 10. The fact that a plaintiff has been granted *in forma pauperis* status in the action does not, by itself, preclude the plaintiff from paying costs. *Draper*, 836 F.3d at 1087. The Prison Litigation Reform Act requires that a prisoner pay costs that are awarded on a monthly payment plan. *Id.* Therefore, the resources of the plaintiff and the economic disparity of the parties are to be considered "in the context of the record as a whole." *Id.* While Denton has not submitted any evidence regarding his income or ability to pay costs in support of his motion, the Court notes that he is presently incarcerated and that he has no ability to earn any income given that he is housed in administrative segregation.

1    Further, all of the given reasons in *Draper* for denying costs apply in this case.
2    The case is of substantial importance: ensuring the State has not violated a prisoner's
3    constitutional rights. The issues were close and difficult, and ultimately the case was
4    dismissed based on a procedural flaw, not because it was frivolous.[1] While Defendants
5    argue that Denton will not be deterred from filing future lawsuits even if made to pay
6    costs in this case, other potential plaintiffs may be deterred by such a holding. Finally,
7    Denton has no resources and is not likely to have any resources in the foreseeable future.
8    The fact that he has other open lawsuits against state correctional officers, which
9    Defendants themselves believe will be unsuccessful, *see* Dkt. 197 at 3, is not a reason to
10   award costs against an indigent, incarcerated, pro se plaintiff.

11   The Court concludes Denton has no ability to pay costs and should not be made to
12   pay costs in this case where he presented concerning facts but was unable to overcome
13   procedural hurdles.

---

[1] Although the Court ultimately agreed that Denton failed to administratively exhaust his claims, and it acknowledges that his claims faced other procedural hurdles, he did present incontrovertible evidence that corrections officers allowed him to repeatedly self-harm. *See, e.g.*, Dkt. 120-6 at 167–68 (log notes stating that "Shift Sgt. Bayer wants no staff interaction with Offender Denton . . . until self-harm results in copious amounts of blood or active bleeding.") (cleaned up); *id.* at 159–61 (log notes documenting that Denton was permitted to continuously cut himself and hit his head against the door for nearly three hours). While the Court does not reach any conclusions about whether these instances or any other instances amounted to constitutional violations, the facts of this case are concerning and are certainly not frivolous.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiff Michael Denton's Motion to Retax Costs, Dkt. 196, is **GRANTED**, the Clerk's Order Awarding Costs, Dkt. 195, is **VACATED**, and Defendants' Motion for Bill of Costs, Dkt. 189, is **DENIED**.

Dated this 17th day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge